**FILED**

June 05, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

JUNQING LIN, §
§
Petitioner, §
§
v. §    **NO. SA-26-CV-3379-OLG**
§
ROSE THOMPSON *et al.*, §
§
Respondents. §

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Junqing Lin's Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 4). For the reasons

below, the Petition must be denied.

### I.    BACKGROUND

Based on the record, Petitioner is a citizen of China who entered the United States without

inspection on November 27, 2025, and, shortly thereafter, was discovered by immigration

authorities near the border. *See* Dkt. Nos. 1 at 5; 4 at 4; 4-1 at 1; 4-2 at 3–4. She was placed into

full removal proceedings after receiving a positive credible fear determination and issued a Notice

to Appear, which charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as "an

alien present . . . who has arrived . . . at any time or place other than as designated by the Attorney

General," and § 1182(a)(7)(A)(i)(I), as "an immigrant who, at the time of application for

admission, is not in possession of a valid . . . travel document." *See* Dkt. No. 4-1 at 1. Petitioner

has remained detained pursuant to 8 U.S.C. § 1225(b) pending the conclusion of her full removal

proceedings.[1]

---

[1] Although Petitioner was ordered removed on April 24, 2026, she timely appealed the removal
order to the Board of Immigration Appeals, *see* Dkt. No. 4 at 4, and, thus, it is not yet administratively final.
*See* 8 C.F.R. § 1241.1 (providing that an order of removal becomes final upon the "dismissal of an appeal

Petitioner initiated this action on May 22, 2026, seeking an order compelling her release or requiring that she be given a bond hearing, on the grounds that she may not be mandatorily detained consistent with the Immigration and Nationality Act (INA) and her right to due process. *See* Dkt. No. 1 at 8–14.

## II.    JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention

---

by the Board of Immigration Appeals"). Once an order of removal becomes administratively final, the Government has 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate [her] alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.   DISCUSSION

Petitioner challenges her detention under the INA and the Due Process Clause of the Fifth Amendment. As the petitioner, she bears the burden of proving that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy her burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

### A.   Statutory Challenge to Application of 8 U.S.C. § 1225(b)

Petitioner's statutory basis for relief, *see* Dkt. No. 1 at 8–9, has been foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi* and is therefore dismissed. *See* 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States").

### B.   Due Process Challenge to Mandatory Detention

Petitioner next challenges her detention on constitutional grounds. *See, e.g., Sanchez v. Noem*, No. 25-CV-00403-DCG, 2026 WL 596133, at *8 (W.D. Tex. Mar. 2, 2026) (explaining that the Fifth Circuit's decision in *Buenrostro-Mendez* was limited to the interpretation of

§ 1225(b)(2)(A) and, thus, "does not control whether Respondents are detaining Petitioner in violation of the Constitution"). She argues that her continued detention without a meaningful custody determination violates her due process rights. *See* Dkt. No. 1 at 9–10. Because Petitioner has been detained since her arrival in the United States, *see* Dkt. Nos. 4-1 at 1; 4-2 at 3–4, 6; 4-3 at 1–2, the Court cannot agree.

Although noncitizens "who have established connections in this country have due process rights in deportation proceedings, the [Supreme] Court long ago held that . . . an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020); *see Ochoa v. Vergara*, --- F. Supp. 3d. ---. 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (finding that noncitizen who had lived in the U.S. for over a year prior to his detention was "entitled to due process of the law under the Fifth Amendment" (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025))); *see also Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86)).

Because Petitioner has been detained since her arrival in the United States, the Court cannot find that she has a constitutionally protected liberty interest in residing freely within the United States despite her status as an applicant for admission. *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Th[e Supreme] Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."); *Sanchez*, 2026 WL 596133, at *12 (finding that petitioner had a cognizable interest in residing freely within the United States during his full

4

removal proceedings where he had lived in the United States since 1996 and had developed "longstanding" ties to the community); *see also Bonilla Chicas v. Warden*, --- F. Supp. 3d. ---, 2026 WL 539475, at *7 (S.D. Tex. Feb. 20, 2026) (same, but where petitioner had lived in the United States for 10 years "with the express permission of DHS while he was subject to supervise release pending the conclusion of his removal proceedings").

If Petitioner becomes subject to an administratively final order of removal, however, the duration of her detention will be subject to a due-process-based limitation in that her post-removal-period detention may last no longer than "reasonably necessary to bring about [her] removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689). That is so because "post-removal-period detention, unlike detention pending a determination of removability . . . , has no obvious termination point." *Zadvydas*, 533 U.S. at 697.

## IV.   CONCLUSION

Based on the foregoing, Petitioner Junqing Lin's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) must be and hereby is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

SIGNED on June _____5_____, 2026.

ORLANDO L. GARCIA
United States District Judge

5